IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SYNTROLEUM CORPORATION, a Deleware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CV-384-JHP-FHM |
| FLETCHER INTERNATIONAL, Ltd., a Bermuda company, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Alter or Amend the Judgment Granting Defendant's Motion to Dismiss [Docket No. 44] and Defendant's Opposition to the Motion [Docket No. 45]. For the Reasons stated below, along with the reasons stated in the Court's Order dismissing this case [Docket No. 43], Plaintiff's Motion is DENIED.

## DISCUSSION

On November 17, 2008, the Court granted Defendant Fletcher International, Ltd.'s ("Fletcher") Motion to Dismiss based on the Court's lack of personal jurisdiction. The Court found that, although Fletcher had sufficient minimum contacts with Oklahoma, it would offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over it. Plaintiff Syntroleum Corporation ("Syntroleum") filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). Syntroleum advances several arguments in support of its claim that the Court must alter or amended its Order to prevent a clear error of law or fact and manifest injustice. The Court will address each of Syntroleum's arguments in turn.

1

**A. Rule 59(e) Standard**

"[A] Rule 59(e) motion to reconsider[1] is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Maul v. Logan Cty. Bd. of Cty. Comm's*, 2006 WL 3447629, *1 (W.D. Okla. Nov. 29, 2006). As such, the limited grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servant of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*, 57 F.3d at 948). Accordingly, when the court has "misapprehended the facts, a party's position, or the controlling law" a motion to reconsider is appropriate. *Id*. It is not appropriate for parties to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" in Rule 59(e) motions. *Maul*, 2006 WL 3447629, *1.

Syntroleum's motion relies on the third ground, clear error and manifest injustice. However, "a showing of clear error or manifest injustice does not directly authorize augmentation of the record. The motion to reconsider should be based on arguments that were previously raised but overlooked by the court." *Id.* Furthermore, "[c]lear error normally requires the definite and firm conviction that a mistake has been committed based on the entire evidence, or that a particular factual determination lacks any basis in the record. Manifest injustice, however, may reach the serious misconduct of counsel (i.e., improper actions that have affected the outcome of the case)." *Id.* (citations omitted).

---

[1] Motions made pursuant to Fed. R. Civ. P. 59(e) are often referred to as "motions to reconsider."

**B.  "Limited" Minimum Contacts**

Syntroleum first argues that the Court's finding that Fletcher had "limited" minimum contacts with Oklahoma was in error because Fletcher's contacts far exceeded minimum contacts.[2] In support of this allegation, Syntroleum declares that there were hundreds of emails exchanged between the parties during the negotiation of their agreement which were not previously presented to the Court.  Syntroleum attached as exhibits to its motion a list of email correspondence along with printouts of actual emails between the parties.  According to Syntroleum, this evidence of additional email correspondence demonstrates that Fletcher's contacts with Oklahoma were substantial rather than "limited" or minimal.

Syntroleum's minimum contacts argument does not satisfy the demanding standard required to grant a Rule 59(e) motion.  First, the email correspondence attached to Syntroleum's motion is not newly discovered evidence.  Although counsel for Syntroleum claims it had not yet collected and processed the company's electronic data at the time its response to Fletcher's Motion to Dismiss was due, the fact that there was an extensive amount of emails between the parties was known to Syntroleum. Even if it could not produce printouts of all the email correspondence, the factual basis underlying the argument Syntroleum is now advancing was available for presentation in its Response Brief.  As stated above, arguments that could have been raised in prior briefings are not

---

[2] Apparently, Syntroleum raises this argument in effort to change the interplay that exists between the minimum contacts and reasonableness prongs of the personal jurisdiction analysis. Potentially, if Syntroleum could convince the Court that Fletcher's contacts were much greater than originally thought, the greater the showing of unreasonableness Fletcher would be required to make to defeat jurisdiction.

appropriate grounds for Rule 59(e) motions.  Second, the newly attached emails are not material since the Court expressly found that there were numerous emails exchanged between the parties.[3] The Court did not misapprehend the facts and based its ruling on the understanding that the amount of email correspondence between the parties was significant.  Therefore, even considering the evidence provided by Syntroleum the Court finds that no clear error or manifest injustice has occurred.

**C. First Filed Rule**

Next, Syntroleum contends that the Court erred by finding in Fletcher's favor on the reasonableness factor regarding the judicial system's interest in obtaining an efficient resolution to the litigation.  Syntroleum asserts that when the same parties are involved in the same litigation in two different federal courts, the "first-filed" rule creates a presumption that the suit filed first in time will take priority.  Because the suit filed in this Court precedes the suit filed by Fletcher in New York, Syntroleum argues that this litigation should take priority.  Again, this is an argument that Syntroleum could have, but did not, raise in its Response to the Motion to Dismiss.  Because this argument was available but ignored by Syntroleum in the previous briefing, it is not an appropriate basis for a motion to alter or amend judgment.[4]  Furthermore, the "first-filed" rule states that "where

---

[3] The Court's Order stated "[a]lthough the exact number of phone calls, faxes, and e-mails is not made clear through the affidavits and exhibits submitted by Syntroleum, it is clear that on more than a few occasions Fletcher used these methods to send information necessary for the negotiation and performance of the Agreement to Syntroleum officers located in Oklahoma." [Docket No. 43 at 8]  Additionally, the Court stated "[t]hroughout the negotiations, Roth, Stinebaugh, and Gustafson, while located in Oklahoma, exchanged emails, phone calls, and faxes with Fletcher representatives. [Docket No. 43 at 4.]

[4] In conjunction with this argument, Syntroleum states that if this Court exercises jurisdiction, the "first-filed" rule will govern and, accordingly, it will move to dismiss the litigation pending in New York.  Since the Court rejects this argument, Syntroleum's intentions

the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court." *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972). In this case, jurisdiction never attached since the Court ruled that it lacked personal jurisdiction. Thus, jurisdiction could not have been taken away by the New York litigation.

### D.  Burden on Fletcher to Litigate in the Forum

Finally, Syntroleum argues that the Court erred in holding that Fletcher would be burdened by litigating in Oklahoma. In support, Syntroleum maintains that at least one of Fletcher's witnesses is actually closer to Oklahoma than New York, and most of Fletcher's other witnesses reside somewhere other than New York. Syntroleum goes on to state that modern transportation has made it much less burdensome for a party to defend itself in a state where it engages in economic activity. This is the same argument that Syntroleum made in its Response Brief [Docket No 31]. Not only is it the same argument, but portions of Syntroleum's Motion use the *exact* same language regarding modern transportation that it used in its Response Brief. A motion to reconsider is not intended to offer parties "a second bite at the proverbial apple." *Maul*, 2006 WL 3447629, *1. This argument was raised in the original briefing on the Motion to Dismiss and the Court carefully considered the argument, but ultimately rejected it. Therefore, the Court does not find this argument warrants amending or altering its previous ruling.

### **CONCLUSION**

For the reasons stated above, the Court finds that none of the alleged errors amount to clear

---

to file a motion to dismiss in the New York case is irrelevant.

error or manifest injustice. As a result, Syntroleum's Motion to Alter or Amend the Judgment Granting Defendant's Motion to Dismiss is DENIED.

                                                                   *[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma